Charles **FORDJOUR**, also known as Jean–Pierre Charles Fordjour, Plaintiff—Appellant,

v.

**FLEET MORTGAGE GROUP, INC.,** et al., Defendants—Appellees.

No. 01–56392.

D.C. No. CV–99–06700–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, RYMER, and McKEOWN, Circuit Judges.

## MEMORANDUM**

Charles Fordjour, proceeding as a pro se prisoner litigant, sued Fleet Mortgage Group, Inc., Professional Lenders Alliance Corp., State Farm Insurance Co., and various individuals associated with those businesses in connection with a foreclosure sale of a property owned by Fordjour. He appeals the district court's grant of summary judgment to all defendants on all claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fordjour argues that he received inadequate notice of Fleet's summary judgment motion before the district court granted the motion on April 18, 2001. The record supports the district court's finding that Fleet provided Fordjour with notice satisfying *Rand v. Rowland,* 154 F.3d 952 (9th Cir.1998) (en banc).

Fordjour further argues that the district court abused its discretion by not granting him an extension of time and a hearing during which he could seek further discovery prior to the April 18, 2001 summary judgment order. Fordjour made no actual motion to compel discovery, he did not indicate what information he sought, and he does not explain how further discovery would have altered the outcome. Thus, the district court did not abuse its discretion in denying the motions. *Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001).

The district court did not abuse its discretion by canceling oral argument and granting summary judgment in an expeditious manner. Fordjour does not dispute the district court's conclusion that the process comported with its Local Rules, and

the record reflects that the district court was correct. *See* Local Rules 6–1, 7–9 (C.D.Cal.). Nor has Fordjour presented any evidence that he would or could have used in opposing summary judgment.

The district court properly granted summary judgment on Fordjour's claim that Fleet failed to comply with California Civil Code § 2924 notice procedures for foreclosure sales. Fordjour has never presented evidence demonstrating that he offered to cure the default, an oversight that precludes him from challenging Fleet's compliance with § 2924. *United States Cold Storage of Cal. v. Great Western Savings and Loan Ass'n,* 165 Cal.App.3d 1214, 1225, 212 Cal.Rptr. 232 (1985).

The district court properly granted summary judgment to State Farm and Fleet on Fordjour's conversion claim. The court did not abuse its discretion in finding Fordjour barred by judicial estoppel from asserting that he owned valuable personal belongings at the Phelan property at the time of foreclosure. *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782–84 (9th Cir.2001).

Fordjour argues that his constitutional rights under the takings and due process clauses were violated by the alleged conversion of his personal property. Fordjour fails to explain how Fleet functioned as a state actor in conducting the foreclosure sale. The constitutional arguments have no merit.

Fordjour's motion to strike Fleet's brief as untimely is denied as moot. The clerk granted Fleet's motion to file a late brief, and the brief was filed as allowed.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.